**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

R.H.,

    Plaintiff,

v.

FAYETTE COUNTY SCHOOL
DISTRICT,

    Defendant.

CIVIL ACTION NO.
1:09-CV-1048-RWS

## ORDER

This case is before the Court for consideration of Defendant's Motion to Dismiss or in the Alternative, Rule 52 Motion for Judgment on the Administrative Record [8]. No response has been filed to the motion, and therefore, it is deemed to be unopposed. L.R. 7.1B, NDGA. The Court has reviewed the record and finds this action is due to be dismissed.

## **FACTUAL BACKGROUND**[1]

Plaintiff R.H. is a disabled student who was enrolled in Defendant Fayette County School District ("School District") schools from 1995 when she was in pre-school until May of 2007 when her parents unilaterally withdrew her and

---

[1]The Factual Background is taken from Defendant's Brief [8] at 1-4.

enrolled her first in a private residential program in Utah(Aspen Institute for Behavioral Assessment) and subsequently in a residential program in Illinois for children with severe attachment disorders (Chaddock). Throughout her enrollment in Fayette County schools, R.H. received special education services for students with disabilities pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq.

After R.H.'s enrollment in the private residential program, her parents requested an administrative due process hearing pursuant to § 1415(f) of the IDEA. They sought reimbursement for the costs of the Illinois program and for an evaluation conducted at another private residential facility in Utah. As provided by the Georgia State Board of Education rules that implement the requirements of the IDEA, the matter was assigned to an Administrative Law Judge ("ALJ") of the Georgia Office of State Administrative Hearings ("OSAH") and an evidentiary hearing was held over four days. Following submission of written post-hearing briefs by the parties, the ALJ entered a "Final Decision" on March 8, 2009, making comprehensive findings of fact with citations to evidence in the record supporting those findings and conclusions of law. The ALJ concluded that the School District had offered R.H. a "free appropriate public education" ("FAPE") as required by the IDEA because the evidence demonstrated that she had made

2

"adequate gains in the classroom, both in meeting her IEP (Individualized Education Program) goals and in making measurable educational progress." (Final Decision at 27.) The ALJ also concluded that placement in the private residential program was precipitated by R.H.'s "alarming and dangerous behaviors in the home" that she did not exhibit at school and that her behavior at home did not "impede her ability to learn" and "make academic progress" in the school setting. (Id. at 27.)

Having concluded that R.H. had not been denied FAPE, the ALJ held that it was unnecessary to decide whether placement at the private facility was proper or whether R.H.'s parents failed to comply with the statutory notice provisions prior to removing R.H. from the School District—prerequisites to an award of reimbursement. ( Id. at 28). Finally, the ALJ concluded that R.H.'s parents were not entitled to reimbursement for the residential assessment or independent evaluation at the Aspen Institute for Behavioral Assessment in Utah. From this decision, R. H. filed a timely appeal to this Court pursuant to 20 U.S.C. § 1415(i)(2).

## DISCUSSION

Dismissal of an appeal under the IDEA "is appropriate 'when, on the basis of a dispositive issue of law, no construction of the factual allegations will support

3

the cause of action.' " D.P. ex rel. E.P. v. Sch. Bd. of Broward County, 483 F.3d 725, 728-29 (11th Cir.2007) (*quoting* Marshall County Bd. of Educ. v. Marshall County Gas Dist., 992 F.2d 1171, 1174 (11th Cir.1993)). On appeal, the Court's role is to examine the record below and the contents of documents referred to in the Complaint. See DeKalb County Sch. Dist. v. J.W.M. and S.M., 445 F.Supp.2d 1371, 1378 n. 8 (N.D. Ga. 2006) (since the special education administrative record "must be included with the initial pleading seeking review," there can be no doubt as to authenticity and the record can be considered on a motion to dismiss the appeal); M.W. ex. rel. Wang v. Clarke County Sch. Dist., No. 3:06-CV-49(CDL), 2008 WL 4848802 (M.D. Ga. Nov. 6, 2008)(court considered "entire administrative record" in determining whether dismissal of IDEA appeal is appropriate); A.B. v. Clarke County Sch. Dist., No. 3:08-CV-041(CDL), 2009 WL 902038 (M.D. Ga. March 30, 2009)(dismissing appeal on motion to dismiss based on administrative record). If Plaintiff has not offered evidence during the administrative hearing below sufficient to support the allegations contained in the Complaint, it must be dismissed.

In determining whether the allegations in the Complaint are supported by the administrative record, this Court reviews the administrative decision and the record of the proceedings by applying the standard of review and the procedural

4

methodology set forth in several decisions of the Eleventh Circuit Court of Appeals, particularly, <u>Walker County Sch. Dist. v. Bennett</u>, 203 F.3d 1293 (11th Cir. 2000) and <u>Loren F. v. Atlanta Indep. Sch. Sys</u>., 349 F.3d 1309 (11th Cir. 2003). The character of the proceeding should be one of "review" rather than a "trial de novo," <u>Bennett</u>, 203 F.3d at 1297-98, in order to implement the United States Supreme Court's holding in <u>Hendrick Hudson Sch. Dist. v. Rowley</u>, 458 U.S. 176, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982), "that the administrative decision in an IDEA case is entitled to due weight and the court must be careful not to substitute its judgment for that of the state educational authorities." <u>Bennett</u>, 203 F.3d at 1297.

In the Final Decision, the ALJ provides a detailed chronology of R.H.'s life. The decision traces the special education services the school district provided R.H. from pre-school through middle school and describes the academic progress she made during this time. The evidence in the record conclusively established that R.H. made progress in the Fayette County School System. R.H. met the criteria on the majority of the short-term objectives on her IEP from fourth through eighth grades and had shown progress in virtually all of them. The subjective assessment of R.H.'s teachers corroborated the results of that testing.

5

The Court finds that the ALJ correctly concluded that while enrolled in Fayette County Schools, R.H. made academic progress and was not, therefore, denied FAPE. The ALJ also correctly concluded that although R.H. clearly had severe behavioral problems at home arising from Reactive Attachment Disorder ("RAD"), those difficulties did not prevent the school district from providing her with FAPE nor did they impede her academic progress. The parents' placement of R.H. at Chaddock, the ALJ properly concluded, " was precipitated by alarming and dangerous behaviors in the home that she did not exhibit at school." Relying on <u>Devine v. Indian River County Sch. Bd.</u>, 249 F.3d 1289 (11th Cir. 2001) and <u>L.G. ex rel. B.G. v. Sch. Bd. Of Palm Beach County</u>, 255 Fed. Appx. 360 (11th 2007), the ALJ properly found that the March 2007 IEP which offered placement in the self-contained classroom in middle school for the remainder of that school year was "reasonably calculated to enable R.H. to receive some educational benefit" and that the Chaddock residential program was not necessary for R.H. to make educational progress.

Having concluded that the school district had provided FAPE, the ALJ did not need to reach the second prong of the <u>Burlington</u> test for reimbursement of private services - whether Chaddock was a "proper" placement. <u>School Comm.</u>

6

of Burlington v. Dept. of Ed. of Mass., 471 U.S. 359, 105 S. Ct. 1996, 85 L. Ed.2d 385 (1985). Reimbursement for those services was properly denied.

Plaintiff also requested reimbursement for a private evaluation conducted at Aspen Institute. To be entitled to reimbursement for an evaluation, parents must request an independent educational evaluation ("IEE") pursuant to 34 C.F.R. § 300.502(a). A parent has a right to an IEE "if the parent disagrees with an evaluation obtained by the public agency." 34 C.F.R. § 300.502(b)(1). But in this case, there is no evidence that plaintiff ever requested an IEE. In any event, such a request would have been inappropriate because there was no existing evaluation with which the parents disagree.

## CONCLUSION

Based on the foregoing, Defendant's Motion to Dismiss the Complaint and Enter Judgment in Favor of the Fayette County School District [8] is hereby **GRANTED**. The Clerk shall enter judgment in favor of the Fayette County School District.

**SO ORDERED**, this  1st  day of September, 2009.

_____
**RICHARD W. STORY**
United States District Judge

7